UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES, JR., et al., | No. 2:22-cv-1235-TLN-EFB (PC) |
| Plaintiffs, | |
| v. | ORDER |
| HIGH DESERT STATE PRISON, et al., | |
| Defendants. | |

Pending before the court for screening is plaintiff Kevin Jones, Jr.'s civil rights complaint, purportedly brought along with co-plaintiffs, Topaz Johnson and Ian Henderson. ECF No. 1. The purported co-plaintiffs have signed the complaint and have joined in the application to proceed in forma pauperis. ECF No. 2.

I.      Action Construed as Individual Suit Brought by Sole Plaintiff, Mr. Jones

The instant complaint is signed by Mr. Jones and two purported co-plaintiffs. ECF No. 1. As discussed below, each individual plaintiff must proceed with their own separate lawsuits.

Rule 20(a) of the Federal Rules of Civil Procedure allows permissive joinder of plaintiffs when certain conditions are met. However, actions brought by multiple prisoners proceeding without counsel present unique problems not presented by ordinary civil litigation. For example, transfer of one or more plaintiffs to different institutions or release on parole, as well as the challenges to communication among plaintiffs presented by confinement, may cause delay and

confusion. In addition, the interplay of the filing fee provisions in the Prison Litigation Reform Act of 1995 ("PLRA") suggests that prisoners may not bring multi-plaintiff pro se actions, but rather must each proceed separately.

To proceed with a civil action, each plaintiff must pay the $402 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed in forma pauperis and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). The PLRA expressly requires that a prisoner, where proceeding in forma pauperis, pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). This provision reflected Congress's intent to reduce the volume of frivolous prisoner litigation in the federal courts. *Hubbard v. Haley*, 262 F.3d 1194, 1196-97 (11th Cir. 2001); 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Jon Kyl) ("Section 2 will require prisoners to pay a very small share of the large burden they place on the federal judicial system by paying a small filing fee on commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively."); *see also Oliver v. Keller*, 289 F.3d 623, 627-28 (9th Cir. 2002). In order not to undermine the PLRA's deterrent purpose, courts have agreed that prisoner-plaintiffs who proceed together in one action must each pay the full filing fee. *E.g., Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard*, 262 F.3d at 1197-98. However, 28 U.S.C. § 1915(b)(3) provides that "in no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." If multiple prisoners were permitted to proceed with a joint action, and each paid the full filing fee in accordance with § 1915(b)(1) and the apparent intent of Congress, the amount of fees collected would exceed the amount permitted by statute for commencement of the action, in violation of § 1915(b)(3).

To avoid the problems related to case-management and required filing fees, permissive joinder of Kevin Jones, Jr., Topaz Johnson, and Ian Henderson as co-plaintiffs must be denied. They may each, however, proceed with their own claims in new actions. *See DirecTV, Inc. v.*

/////

/////

*Leto*, 467 F.3d 842, 846 (3d Cir. 2006) (claims that are severed rather than dismissed may continue in a separate suit to avoid statute of limitations barrier that might arise in event of dismissal).

II.     Plaintiff Jones's Request to Proceed In Forma Pauperis

Plaintiff Jones has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

III.    Screening Order

a.   Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements

3

a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

      b. Discussion

Jones's complaint alleges the following:

Claim 1 alleges that defendant Sylva placed Jones in a holding cage for nine hours while he was handcuffed behind his back. ECF No. 1 at 5. The holding cage was filthy and smelled of urine. *Id.* Jones was given at least one bathroom break. *Id.* Jones's feet blistered from standing so long and he experienced lower back pain. *Id.*

Claim 2 alleges that after the bathroom break, Sylva directed a correctional officer to put Jones's handcuffs on "extra tight." *Id.* at 7. The correctional officer complied. *Id.* The handcuffs cut into Jones's left wrist causing swelling and blood loss. *Id.*

Jones asserts these claims against defendant Sylva and Warden Brian Kibler. For the following reasons, they are not sufficient to survive screening.

In Claim 1, Jones purports to assert an Eighth Amendment conditions of confinement claim as well as a state law claim of false imprisonment. The false imprisonment claim fails because Jones has not alleged compliance with the California Torts Claims Act.[1] The Eighth

---

[1] The California Torts Claims Act ("Act") requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007).

4

Amendment claim fails because the allegations do not show that the conditions in the holding cage deprived Jones of life's "minimal necessities," such as shelter, food, clothing, sanitation, medical care, or personal safety. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Routine discomfort inherent in the prison setting is not unconstitutional. *Id.*; *see also Diggs v. Doe*, No. 1:19-CV-00766-GSA-PC, 2020 U.S. Dist. LEXIS 183403, at *12 (E.D. Cal. Oct. 2, 2020) (allegations of being forced to stand for ten hours in a holding cage, without a bathroom break, failed to state a claim).

In Claim 2, Jones alleges he was tightly handcuffed for an unspecified amount of time. Cases finding that tight handcuffs amounted to excessive force have required allegations that the individual "was either in visible pain, complained of pain, alerted the officer to pre-existing injuries, sustained more severe injuries, was in handcuffs for a longer period of time, asked to have the handcuffs loosened or released, and/or alleged other forms of abusive conduct in conjunction with the tight handcuffing." *Shaw v. City of Redondo Beach*, 2005 U.S. Dist. LEXIS 46361, at *28 (C.D. Cal. Aug. 18, 2005). Jones's cursory allegations are not sufficient to state a claim for excessive force in violation of the Eighth Amendment.

Finally, Jones has named Warden Kibler as a defendant simply because of his role as a supervisor, which is not a proper basis for liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

For these reasons, the complaint will be dismissed with leave to amend.

c. <u>Leave to Amend</u>

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

5

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

IV. Conclusion

Accordingly, it is ORDERED that:

1. Permissive joinder of Topaz Johnson and Ian Henderson as co-plaintiffs in this action is denied.
2. The claims of Topaz Johnson and Ian Henderson are severed from this action;
3. If either Topaz Johnson or Ian Henderson wishes to proceed with his severed claim in a separate suit, he must so notify the court within fourteen days from the date of this order.[2] Failure to do so will result in a recommendation that his claims be dismissed without prejudice.
4. Plaintiff Jones's request to proceed in forma pauperis (ECF No. 2) is granted.

/////

/////

---

[2] If so notified, the court will direct the Clerk of the Court to file a copy of the original complaint and in forma pauperis application in a new, separate action on behalf of that individual.

6

5. Plaintiff Jones shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

6. The complaint (ECF No. 1) is dismissed with leave to amend by plaintiff Jones within 30 days from the date of this order. Failure to comply with this order may result in a recommendation that this case be dismissed for failure to state a claim upon which relief may be granted.

Dated: August 31, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE